IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY LEE DAVIS, <br> TDCJ No. 2473691, <br><br> Petitioner, <br><br> V. <br><br> DIRECTOR, TDCJ-CID, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | No. 3:23-cv-2872-D-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Larry Lee Davis, convicted on multiple counts of theft in Dallas County, Texas in October 2023, submitted a filing *pro se* in this district – which so far has been construed as an application for a writ of habeas corpus under 28 U.S.C. § 2254 – in which Davis states that he is in custody at the Hutchins State Jail and requests that the Court direct a law enforcement agency to investigate why he has not been released from custody considering his understanding of how his state convictions and sentences were to be executed. *See* Dkt. No. 3.

Senior United States District Judge Sidney A. Fitzwater referred Davis's case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned entered a Notice of Deficiency and Order on January 11, 2024 (the "NOD"):

> While the Court has so far construed Davis's filing as a habeas petition, the undersigned observes that the relief that Davis seeks could implicate 42 U.S.C. § 1983.

"Which statutory vehicle to use" – Section 2254 or Section 1983 – "depends on the nature of the claim and the type of relief requested, the instructive principle being that challenges to the fact or duration of confinement are properly brought under habeas." *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017) (footnotes omitted); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

"Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983." *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see also Tamayo v. Perry*, 553 F. App'x 395, 400 (5th Cir. 2014) (per curiam) ("[T]he principle that the only action available to a prisoner to challenge any aspect of his conviction or sentence was the habeas process under 28 U.S.C. § 2254 and related statutes" "[a]rguably no longer applies in cases … that do not directly challenge the conviction but instead challenge something that does not 'necessarily imply the unlawfulness of the State's custody.'" (quoting *Skinner*, 562 U.S. at 525)).

In *Skinner*, the United States Supreme Court, "adhering to" *Dotson*, held "that a postconviction claim for DNA testing is properly pursued in a § 1983 action," reasoning that "[s]uccess in the suit gains for the prisoner only access to the DNA evidence, which may prove exculpatory, inculpatory, or inconclusive." *Skinner*, 562 U.S. at 525.

"In no event will a judgment that simply orders DNA tests 'necessarily impl[y] the unlawfulness of the State's custody.'" *Id.* (quoting *Dotson*, 544 U.S. at 81).

This rationale could apply equally to the extent that Davis requests an investigation into his allegations. If the Court could – and were to order – such an investigation, that alone would not necessarily imply that Davis is in custody unlawfully. So, if an investigation alone is the relief that he seeks, this lawsuit should be brought under Section 1983.

The Court therefore enters this order to allow Davis an opportunity to amend his claims to state either a habeas action under Section 2254 or a civil rights action under Section 1983. And the Clerk of Court shall attach to this order (1) a form Section 2254 habeas petition; (2) a form Section 1983 civil rights complaint; and (3) a form motion for leave to proceed *in forma pauperis* (prisoner).

If Davis intends to prosecute either a habeas suit or a civil rights action in this Court, he must complete the appropriate forms in full and sign and return them to the Court by **February 12, 2024**.

> Failure to do so could result in the dismissal of this action under Federal Rule of Civil Procedure 41(b), for failure to prosecute and obey a court order.

Dkt. No. 4.

It is now more than six months past the deadline to comply with the NOD, and Davis has failed to do so and failed to otherwise contact the Court.

Considering this procedural record, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b).

## Legal Standards

Like all Federal Rules of Civil Procedure, Rule 41 generally applies to habeas proceedings under Section 2254. *See* RULE 12, RULES GOVERNING SECTION 2254 IN THE UNITED STATES DISTRICT COURTS.

Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute); *see also Campbell v. Wilkinson*, 988 F.3d 798, 800-01 (5th Cir. 2021) (holding that the text of Rule 41(b) does not extend to a failure to comply with a court's local rule insofar as that violation does not also qualify as a failure to prosecute (discussing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992))).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)); *Campbell*, 988 F.3d at 800 ("It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 251 (5th Cir. 1984) (citing, in turn, *Link*, 370 U.S. at 631))).

And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th

Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *Haynes v. Turner Bass & Assocs.*, No. 20-40787, 2022 WL 2383855, at *1 (5th Cir. July 1, 2022) (per curiam) ("A dismissal with prejudice is improper unless the case history evidences both (1) a clear record of delay or contumacious conduct by the plaintiff, and (2) that a lesser sanction would not better serve the best interests of justice. A petitioner's delay meriting a Rule 41(b) dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity. A party's negligence does not make conduct contumacious; rather, it is the stubborn resistance to authority which justifies a dismissal with prejudice." (cleaned up)); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second

chance at obtaining service'" but she "disregarded that clear and reasonable order").

## Analysis

By not complying with the NOD – in addition to leaving the impression that he no longer wishes to pursue the claims asserted in this lawsuit – Davis has prevented this action from proceeding and has thus failed to prosecute.

A Rule 41(b) dismissal of this lawsuit without prejudice is therefore warranted under these circumstances.

Because the undersigned concludes that lesser sanctions would be futile, as the Court is not required to delay the disposition of this case until such time as Davis decides to obey the Court's order or contact the Court, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice under Rule 41(b).

And, while it is not apparent based on the record here that dismissal of this lawsuit without prejudice at this time would effectively be a dismissal with prejudice, insofar as the recommended dismissal may somehow prejudice Davis, these findings, conclusions, and recommendation afford notice, and the opportunity to file objections (as further explained below) affords an opportunity to respond, to explain why this case should not be dismissed for the reasons set out above. *See Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations

omitted)).

## Recommendation

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 5, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE